[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2011
JOHN LEY
CLERK

No. 11-12129
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cr-00039-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN REBOLLAR-ZUAREZ,
a.k.a. Jose Rebollar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 10, 2011)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ruben Rebollar-Zuarez appeals a $500 fine imposed for reentering the

United States illegally.  8 U.S.C. § 1326(a), (b)(2).  Rebollar-Zuarez challenges,

for the first time, the lack of factual findings about the need for, or his ability to pay, his fine.  We affirm.

The district court did not plainly err by failing to make findings of fact to support its decision to order Rebollar-Zuarez to pay a fine that was substantially below the recommended amount of $7,500 to $75,000.  The district court was required to impose a fine unless Rebollar-Zuarez "establish[ed] that he [was] unable to pay and [was] not likely to become able to pay any fine."  United States Sentencing Guidelines Manual § 5E1.2(a) (Nov. 2010).  The presentence investigation report provided that Rebollar-Zuarez might "be able to pay a lower fine" than the recommended amount based on his steady employment from 2004 to 2010 during which he had earned between $8 an hour and $100 a day, opened a joint savings account with his wife, and purchased a home in Mexico.  Rebollar-Zuarez, by "fail[ing] to object to [those] allegations of fact in [his] [presentence report,] admit[ted] those facts for sentencing purposes," United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006), and the district court was entitled to rely on Rebollar-Zuarez's admission to impose the $500 fine.  See United States v. Hernandez, 160 F.3d 661, 666 (11th Cir. 1998).

We **AFFIRM** the fine imposed on Rebollar-Zuarez.